UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  14-82603 |
| Crown Polymers, LLC | ) | |
| | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Thomas M. Lynch |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**FINAL ORDER APPROVING USE OF CASH COLLATERAL THROUGH CONFIRMATION**

This matter coming on to be heard on the Motion of Crown Polymers, LLC, Debtor and Debtor-in-Possession (hereinafter "Debtor"), for the authority to use cash collateral; due and proper notice having been give pursuant to the requirements of Section 363(c)(2) of the Bankruptcy Code and R4001 of the Federal Rules of Secured Bankruptcy Procedure; the court having examined the foregoing Motion; and the Court being fully advised in the premises, and having conducted a hearing on the need for use of cash collateral:

THE DEBTOR STIPULATES AS FOLLOWS:

1. This case was commenced on August 22, 2014 when the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. The Debtor acknowledges, that there exists a valid lien upon the assets of the Debtor as of the date of the filing of the petition herein, and the cash proceeds thereof by Fifth Third Bank (the "Secured Creditor") who holds a security interest in all the assets of the Debtor by way of a lien duly filed of which the approximate amount of $477,740.46 is still due and owing.

3. An immediate need exists for the Debtor to use the Pre-petition Collateral, including, but not limited to, the cash collateral outlined above in the motion to continue its business operations.

4. The Debtor is unable to obtain, on an immediate basis, credit allowable under 11 U.S.C. §503(b) and/or §364(a).

5. The Secured Creditor is unwilling to permit the use of any of its Pre-Petition Collateral, including its cash collateral, without the protection afforded by U.S.C. §364(c)(1), (c)(2) and (c)(3), and Debtor is unable to acquire credit on any terms which are more favorable.

6. The Debtor has provided such notice to creditors and other parties as was practicable under the circumstances.

7. The actual notice issued regarding the subject motion was appropriate for the circumstances of this case in that a reasonable opportunity for a hearing has been afforded all parties;

8. Cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor as a "going concern", will increase the possibilities for a successful reorganization, and is in the best interest of the Debtor, its creditors and its estate.

Based upon the foregoing, IT IS HERBY ORDERED AS FOLLOWS:

I. The Secured Creditor shall be secured by a lien to the same extent, priority and validity as existed prior to the Petition date; that the Secured Creditor shall receive a security interest in and replacement lien upon all of the Debtor's now existing or hereafter acquired property, real or personal, whether in existence before or after the Petition Date including, without limitation, accounts receivable, inventory, machinery and equipment, and the proceeds and products thereof, to the extent actually used and for the diminution, if any, in the value of the Secured Creditor's Collateral securing all indebtedness of the Debtor to the Secured Creditor, which replacement lien shall be the same lien as existed as the pre-petition valid liens of record.

II. As additional adequate protection from the diminution, if any, in the value of secured creditor's collateral, debtor made a monthly payment of $2,200.00 on or about September 15, 2014, $3,500.00 on or about October 15, 2014 and $5,000.00 on or about November 15, 2014 and December 15, 2014. Debtor made payment for January, February, March, and April 2015 on April 30, 2015 in the amount of $20,000.00. Debtor made payments of $5,000.00 in May and will continue to make payments of $5,000.00 per month until confirmation.

III. The liens granted hereinabove shall be valid, perfected, and enforceable without any further action by the Debtor and/or the Secured Creditor, and need not be separately documented.

IV. In addition to and as a supplement to the foregoing protections, Debtor shall maintain insurance covering the full value of all collateral, and shall permit on site inspection of such collateral, policies of insurance, and financial statements, including, but not limited to, monthly operating reports, upon reasonable notice by secured party.

V. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

VI. In the event the Debtor fails to fully comply with the terms of the Order, and/or in the event that Debtor is deemed "late" with regard to any monthly payment of adequate protection, the Secured Creditors shall be entitled to a full hearing, on 7 days' notice to Debtor's counsel, the Office of the United States Trustee, and any Committee elected, on stay modification as provided by 11 U.S.C. §362 (a).

VII. The United States Trustee, all secured creditors, and the 20 largest unsecured creditors shall immediately be mailed copies of this Order. If any or all of the provisions of the Order are hereinafter modified or vacation shall not affect the validity of any debt to Secured Party incurred pursuant to this Order.

VIII. Debtor shall not incur any new expenses, including debt, other than those specifically

delineated on the Budget attached to the Interim Financing Agreement

IX. This Order shall remain in effect until plan confirmation, dismissal, or conversion to Chapter 7 whichever occurs first.

XII. This Court finds and orders that this is a core proceeding under 28 U.S.C. §157(b)(2)(D), and this Order shall be a Final Order fully effective upon its entry by this Court.

Enter:

United States Bankruptcy Judge

Dated: JUN 24 2015

**Prepared by:**
Richard G. Larsen
Springer Brown, LLC
400 S. County Farm Road
Suite 330
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com

Rev: 20130104_bko